## Rangler *versus* McCreight.

Where there is only a line between the lands of parties, each has a right to insist upon a common partition fence along it.

Where neither party insists upon such a common partition fence being made, it will be presumed that they mutually agree so to occupy their respective parts that it shall not be needed.

Where one party insists upon the partition fence being made and makes his share of it, and the other, refusing to put up his part, is injured by the cattle of the other going upon his land in consequence of the fence not having been made, the injury being the result of his own negligence, he can not maintain an action for the damage thereby sustained.

ERROR to the Common Pleas of *Union county.*

[Rangler *v.* McCreight.]

This was an action of trespass *quare clausum fregit*, brought by Daniel Rangler against James McCreight, to recover damages for injury done by defendant's cattle.

In 1849, the plaintiff and John Lapp, who owned adjoining farms, agreed to exchange small pieces of land so as to render their lines more convenient. By this exchange Lapp got 128 perches and Rangler two acres, paying $85, the difference in value. Each went into the parts assigned them by the exchange. Lapp afterwards executed a deed to Rangler for the two acres, but Rangler never made a conveyance to Lapp. Rangler alleged that there was an agreement that a road was to be opened and maintained on the line. Shortly after the exchange Lapp sold and conveyed his farm to the defendant, including the 128 perches received from Rangler.

McCreight put up a partition fence on the line, one-half of the distance, and gave notice to Rangler to make the balance. Rangler refused on the ground that each was to make and maintain his own fence the whole distance on his own land, leaving a road between, and each contributing one-half the ground necessary for the road. McCreight's cattle passed from his field over on to the land of Rangler in consequence of Rangler's part of this partition fence not having been made. For the damage done by them this action was brought.

The court below (WILSON, P. J.), in answer to various points submitted by the plaintiff, left it to the jury to find whether there was an agreement for a lane or road between the parties. They also refused to instruct that if a man permit his cattle to go at large and they stray on the land of another, that the owner of the cattle is liable to an action without regard to whether the *locus in quo* was actually enclosed with a fence or not.

The instructions were summed up as follows :—

" The plaintiff's right to recover in this case will depend on whether Mr. Rangler was not to blame for the trespass. If it was his own fault that cattle trespassed on him (and that you will determine from the evidence), he cannot recover. If you find that McCreight was to blame, then the plaintiff would be entitled to your verdict for damages, the amount of which will be determined by you from the facts and circumstances in the evidence."

The jury found for the defendant.

The instructions to the jury were the errors assigned.

*Miller*, for plaintiff in error.

*Linn*, for defendant in error.

The opinion of the court was delivered by

LOWRIE, J.—We are unable to discover anything like sufficient

[Rangler v. McCreight.]

evidence that the defendant's field is charged with a road along one side of it. Lapp, the former owner, talked of such a road, and marked some furrows where he intended it to be; but no road was made, and there is no evidence that when he sold to the plaintiff on one side, he granted the right; or when he sold to the defendant on the other, that he reserved it; and no evidence to charge the defendant with the knowledge of any grant. There was, therefore, only a line between the lands of the parties, and each had a right to insist upon a common partition fence along it. If neither party insist upon it, we must presume that they agree to use and occupy their respective lands in such a way as not to injure each other. Dispensing with a partition fence is an agreement to use so that it shall not be needed. But here it was not dispensed with. The defendant put up his half of the fence, and the plaintiff put up none, and refused to do it; defendant's cattle passed from his land over the line into the plaintiff's and injured his clover, and hence this action.

The court instructed the jury that, if the injury arose from the plaintiff's default in the performance of his duty in respect to the partition fence, he could not recover; and we do not discover that this was erroneous. Under this instruction the jury could consider all the circumstances, and by them ascertain where the fault lay. Perhaps the court gave the jury fuller instructions than the case required, but we do not perceive any act or omission that furnishes the plaintiff with any just ground of complaint.

Judgment affirmed.